## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CHUCK FUQUA AND**                                                                                  **PLAINTIFFS**
**DALTON PEDIGO**

**v.**                                          **CIVIL ACTION NO. 1:20-CV-P189-GNS**

**STEPHEN HARMON**                                                                         **DEFENDANT**

### MEMORANDUM OPINION

This is a *pro se* civil-rights action brought by two prisoners pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiffs Chuck Fuqua and Dalton Pedigo leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiffs are incarcerated at the Warren County Regional Jail (WCRJ). They bring this action against WCRJ Jailer Stephen Harmon in both his official and individual capacities.

Plaintiffs' allegations are as follows:

> 501 KAR 3:050
> Currently the overcrowding constitutes a violation of the Kentucky Jail Standards seven day waiver of restriction according to 501 KAR 3:050 dering overcrowding. The Jail may request a waiver but they may not exceed 4 within any 60 day period. As it stands, this is a (Eighth Amendment) violation and legal action is in order. Because I am in a 8 man cell that currently has 18 people and 1 toilet. Policy also states there is to be 10 people per toilet. That has not happened in the 10 months that I've been here. This is a clear violation of policy and law.

Plaintiffs seek various forms of injunctive relief such as being transferred to a state prison, release on parole, "Funds for Jail," and/or be "provide[d] healthy living space."

### II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a

claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An Eighth Amendment claim has both an objective and

subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

"[O]vercrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). To allege extreme deprivation to support a viable prison-overcrowding claim, an inmate must allege that the overcrowding results in "deprivations denying 'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. at 298. The instant complaint fails to allege conditions rising to the level of an Eighth Amendment violation. *See Agramonte v. Shartle*, 491 F. App'x at 559-60 (holding that plaintiff's allegations that the number of toilets, showers, wash basins, and showers had not increased with the increased population, that there were lines to use the bathrooms and showers, and that there were no comfortable places to sit to watch television or write letters failed to state an overcrowding claim because plaintiff failed to allege an unconstitutional denial of basic needs); *Patchette v. Nix*, 952 F.2d 158, 163 (8th Cir. 1991) (finding one toilet per 24 inmates was not unconstitutional); *Bakke v. Clark Cty. Jail*, No. 3:15-CV-05713-BHS, 2015 U.S. Dist. LEXIS 140663, at *7 (W.D. Wash. Oct. 15, 2015) ("Plaintiff fails to allege any specific facts showing how the overcrowding reached a level unfit for human habitation or how it resulted in an unconstitutional condition."); *Keeling v. Louisville Metro Corr. Dep't*, No. 314-CV-P697-DJH, 2015 U.S. Dist. LEXIS 69415, at *4-5 (W.D. Ky. May 29, 2015) (finding that plaintiff's allegations that the cell pods are crowded and that there was fighting over toiletries, soap, seating, and beds are not deprivations of the minimal civilized measure of life's necessities and, therefore, fail to state a claim upon which relief may be granted).

Moreover, to the extent that Plaintiffs contend that the overcrowding at WCRJ violates Kentucky state administrative regulations, they fail to state a claim under § 1983. *Stanley v.*

4

*Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983.")

Thus, because Plaintiffs' allegations regarding overcrowding do not rise to the level of a constitutional wrong, the Court must dismiss this action for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: December 16, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiffs, *pro se*
    Defendant
    Warren County Attorney
4416.011